**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4969**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID SERVIN-TERRASAS, a/k/a David Servin,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Danville.   Jackson L. Kiser, Senior
District Judge.   (4:06-cr-00004-jlk)

———————

Submitted:  March 30, 2007          Decided:  April 23, 2007

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark D. Kidd, OSTERHOUDT, PRILLAMAN, NATT, HELSCHER, YOST, MAXWELL
& FERGUSON, PLC, Roanoke, Virginia, for Appellant. Ronald Andrew
Bassford, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Servin-Terrasas pled guilty to possession with intent to distribute fifty grams or more of cocaine base (Count 5) and possession of a firearm in relation to a drug trafficking crime (Count 6). (J.A. 11-29). He was sentenced to the statutory minimum sentences of 120 months for Count 5 and sixty months consecutively for Count 6. See 21 U.S.C. § 841(b)(1)(A) (2000); 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2006). On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious issues for appeal but raising the following issues: whether (1) Servin-Terrasas knowingly and intelligently pled guilty; (2) Servin-Terrasas' sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment; and (3) the district court should have conducted a sua sponte safety-valve inquiry at Servin-Terrasas' sentencing hearing. Servin-Terrasas has been notified of his right to file a pro se supplemental brief, but has not filed a brief.

Servin-Terrasas' first claim fails as we find no plain error in how the district court conducted the guilty plea hearing. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002) (stating review standard). Second, we find no Eighth Amendment error in Servin-Terrasas' sentence as he was sentenced to the statutory minimums within his advisory sentencing range, and his

sentence is therefore reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). Finally, the district court did not plainly err in failing to sua sponte consider Servin-Terrasas for a "safety-valve" sentence under U.S. Sentencing Guidelines Manual § 5C1.2 (2005), when Servin-Terrasas' related § 924(c) conviction disqualifies him for the reduction. See USSG § 5C1.2(a)(2).

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm Servin-Terrasas' convictions and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED